Filed 8/26/24  P. v. Savala CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099571 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE005618) |
| v. | |
| ALBERT SAVALA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Albert Savala filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable errors that would result in a disposition more favorable to Savala, we will affirm the judgment.

1

The People charged Savala with arson (Pen. Code, § 451, subd. (b))[1] and possession of ammunition by a prohibited person (§ 30305, subd. (a)). As to aggravating circumstances, the People alleged that: (1) the crime involved great violence, great bodily harm, threat of bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1)),[2] (2) Savala had engaged in violent conduct indicating a serious danger to society (rule 4.421(b)(1)); (3) Savala's prior convictions were numerous or of increasing seriousness (rule 4.421(b)(2)); and (4) Savala had served a prior prison term (rule 4.421(b)(3)).

Prior to trial, the trial court denied Savala's *Marsden* motion. (See *People v. Marsden* (1970) 2 Cal.3d 118.) At trial, Savala's mother testified that she and her husband left the house they lived in with Savala after they heard Savala "hollering" in the early morning of April 18, 2023. When they returned, part of the house was on fire. A responding officer observed evidence of a fire and shell casings from ammunition outside the house. Another officer found exploded ammunition cartridges in the debris where the fire occurred. He also found live ammunition rounds in the debris and in Savala's bedroom. A fire investigator testified that in his opinion the fire started on the front porch and was intentionally set by a person.

Savala did not testify. In closing argument, defense counsel argued the prosecution failed to prove the arson charge beyond a reasonable doubt. Defense counsel conceded Savala was guilty of unlawfully possessing ammunition.

The jury found Savala guilty of arson and possession of ammunition by a prohibited person. The People dismissed all alleged aggravating circumstances except

---

**1**    Undesignated statutory references are to the Penal Code.

**2**    Undesignated rule references are to the California Rules of Court.

for the circumstance that Savala's prior convictions were numerous or of increasing seriousness. The trial court ultimately found this aggravating circumstance to not be true. The court imposed the low term of three years for the arson and a concurrent term of 16 months (the low term) for the ammunition possession.

Savala timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Savala was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and Savala has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to Savala. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

/s/
EARL, P. J.

We concur:

/s/
ROBIE, J.

/s/
RENNER, J.

3